**In the Matter of William E. DITTRICH, Respondent.**

**No. 64S00–1206–DI–367.**

Supreme Court of Indiana.

Jan. 10, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits to four counts of misconduct occurring from 2008 through 2010. The misconduct includes neglecting clients' cases, failing to do the work for which he was hired, failing to respond to clients' requests for information, failing to inform clients of the status of their cases, failing to safeguard unearned fees by placing them in a trust account, and failing to completely refund unearned fees. Respondent knew he was suffering from depression and other health related issues that interfered with his ability to attend to his clients' needs

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) at the time of his misconduct, Respondent was under emotional stress and depression, caused in part by the illness of his young daughter, for which he voluntarily sought the assistance of the Indiana Judges and Lawyers Assistance Program; (4) after the verified complaint was filed, Respondent made full refunds of unearned fees to all clients affected by his misconduct.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.15(a): Failure to safeguard property of a client.

1.16(a)(2): Failure to withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

1.16(d): Failure to refund an unearned fee promptly upon termination of representation.

3.2: Failure to expedite litigation consistent with the interests of a client.

**Discipline:** The parties propose the appropriate discipline is a **90–day suspension with automatic reinstatement.** The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning February 15, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.